EDWARD McDONALD

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

47 533
50a 204
47 533
59a 83
─────────
47    533
98a 1592

1. CRIMINAL LAW — *idem sonans.* Where accused is indicted, and pleads by his proper name as he writes it, and the proceedings on the trial are entered of record in a name different in orthography, but the same in sound, as usually pronounced, it is not error for which the judgment will be reversed.

2. ARSON — *what constitutes.* Under the act of 1859, which declares that if any person, being the owner of such property as is enumerated in the 58th section of the criminal code, shall willfully and maliciously set fire to it, with intent to defraud any insurance company, he shall be deemed guilty of arson, and punished accordingly : *Held,* that the punishment must be under the 58th, and not the 59th, section of the criminal code, and that the intent is a controlling element in the crime ; and the crime is complete if the act is done with such intent, whether the property attempted to be destroyed is covered by a valid policy, or one that could not be enforced by law.

WRIT OF ERROR to the Recorder's Court of Chicago ; the Hon. E. VAN BUREN, Judge, presiding.

McDonald was arraigned and tried upon the charge of arson. The indictment charged him with setting fire to his own dwelling-house, which was insured in the "Western Insurance Company of Buffalo." The jury returned a verdict of guilty. A motion for a new trial was overruled, and the court sentenced the prisoner to the penitentiary for the term of five years. , The overruling of the motion for a new trial is, among others, assigned for error, for which this court is asked to reverse the judgment.

Mr. ROBERT HERVEY, Mr. GEORGE M. SLOAN and Mr. ANDREW GARRISON, for the plaintiff in error.

Mr. CHARLES H. REED, State's Attorney, for the people.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an indictment, presented at the October term, 1867, of the Recorder's Court of Chicago, against plaintiff in error. He was tried at the March term, 1868, convicted, and sentenced to the penitentiary for the term of five years. The indictment contains but one count, and that charges him with setting fire to his own house, with intent of defrauding the Western Insurance Company of Buffalo. On being arraigned, the prisoner pleaded not guilty, and it is contended that this plea put in issue every material fact averred in the indictment, and under it the prosecution was bound to show that he set fire to his own house, and that there was such an insurance company as that described in the indictment, legally incorporated, and authorized to do business in this State; that prisoner was legally insured by a valid contract or policy, and that he set his house on fire to defraud the company, and that it would have been defrauded by the destruction of the house by fire. It is urged that these things were not all proved.

It is first insisted, that he was tried by a wrong name; that he was indicted by the name of "Edward McDonald," and tried by the name of "Edward McDonnell," that the proceedings are so entered, and the witnesses were sworn to try Edward McDonnell. If this be an irregularity, it is purely technical, in nowise affecting the merits of the case. He was indicted and tried, and however the proceedings of the court were entered, could not affect the question of his innocence or guilt. But we regard the question as unimportant; if not the same name in orthography, it seems to be in sound, as pronounced by a large majority of our people. An accurate pronunciation, of course, enables a good ear to detect the difference, but as usually pronounced, there seems to be no difference. If there is any, it is so slight as to be unimportant.

On the question, whether plaintiff in error burnt his house, the jury have found against him, and his counsel do not urge

a reversal on the ground that the evidence does not warrant the finding on that question. It is, however, urged that the proof is entirely insufficient to show that plaintiff in error held a legal or valid policy of insurance, but that the proof shows that it was illegal, and hence he could not be guilty of an intention to defraud the company, by destroying property upon which he, in law, held no policy.

The fifty-eighth section of the criminal code defines the crime of arson to be, to willfully and maliciously burn, or cause to be burned, any dwelling-house, kitchen, office, shop, barn, stable, store-house, warehouse, and a variety of other buildings enumerated, as well as water crafts specified. The act declares that any person being convicted of the crime, shall be punished by imprisonment in the penitentiary, for a term or not less than one year, or more than ten years. The fifty-ninth section declares, that any person who shall willfully or maliciously set fire to any of the buildings or property enumerated in the fifty-eighth section, with intent to destroy the same, shall be deemed guilty of a high misdemeanor, and, upon conviction, shall be imprisoned in the penitentiary for a term not exceeding two years, etc.

The first section of the act of 1859, p. 16, declares that any person, being the owner, lessee or occupant of any of the kinds of property described in section fifty-eight of the criminal code, shall willfully or maliciously set fire to the same, with intent to burn the goods and chattels, or fixtures, of any other person, persons, body politic, or corporation, then in such building; or shall in like manner set fire to the same, with the intent to defraud any insurance company either by consuming the building, or his own goods and chattels, or fixtures therein, every such person shall be taken and held to be guilty of arson, and punished accordingly. These seem to be the only statutory provisions referred to as governing this case.

It will be observed, that the burning of any of the property of other persons, which the fifty-eighth section enumerates, is

declared to be arson. The setting fire to such property of other persons, with the intent to burn it, is declared by the fifty-ninth section to be a high misdemeanor. And the act of 1859 declares the burning by a person of his own buildings, described in the fifty-eighth section, containing the property of other persons, with intent to destroy their property, or with intent to defraud any insurance company, by burning his own buildings, or his own goods and chattels therein, to be arson.

It is contended, that if a conviction follows a prosecution under the act of 1859, the punishment should be under the fifty-ninth section. This cannot be done by any reasonable construction. It is true, it does not, in terms, say under which section the punishment shall be had; but it refers to the property enumerated in the fifty-eighth section, and declares that a violation of the provisions of the law of 1859, shall be deemed and taken to be arson, and punished accordingly. The fifty-eighth section defines the crime of arson and its punishment, whilst the fifty-ninth section defines a different crime with a different punishment. When the general assembly declared the acts prohibited by the law of 1859 to be arson, they unmistakably referred to the fifty-eighth, and not to the fifty-ninth section ; and when they said it should be punished accordingly, they must have meant according to the penalty annexed to the crime of arson by that section, and not to the penalty annexed to a high misdemeanor, the punishment of which was fixed by the fifty-ninth section. Had they intended the latter, they would certainly have referred to the fifty-ninth section, and the punishment which it imposes.

Then what constitutes the crime created by the act of 1859 ? It is burning his own property, with a specific purpose, which is, to defraud an insurance company. The intent enters largely into the ingredients of the crime. It consists of the burning of a person's own house, which was not previously a crime, and the intent with which he does the act. The intention is

a controlling element in the crime, and the legislature, under this branch of the statute, has said that if the burning is done or attempted to be done, with intent to defraud an insurance company, the crime is complete. Not that he or some one else must hold a legal and binding policy upon which the company would suffer loss if the property was consumed. Under the act, the crime is complete if fire is set to the property, with the intent of defrauding the company, although the accused may be mistaken as to the liability of the company, and as to the effect his act may produce upon the rights or interests of the company. The law looks to the intention with which he acts, and not to whether he is well informed of the legal consequences that may attach to the company. It has not said, the crime shall only be complete where the insurance company would be defrauded by the act, but it does say, if the act is performed with the intent to produce that result, the crime shall then be complete. It cannot matter, under this enactment, whether the company would be defrauded or not, if the act was committed with the intention of producing that result.

It then follows, that the crime may be complete, although the policy held by the accused may be invalid, if he believed that it was legal and binding. The indictment does not contain, nor need it have contained, an averment that the accused held a valid policy, or any policy, but a simple averment that the act was done with the intent to defraud the company, and that is sustained by any testimony which proves the act was done with that intent. The policy was not introduced in evidence to prove that accused held a binding policy, but to show the intent with which the house was burned. The jury were warranted in the conclusion, that accused believed that it was in all respects legal and binding, from the fact that he received it as such. He would most probably have refused to receive it had he known that the person whose name was signed to it as president had been dead for months, or had he supposed

68—47th Ill.

the agent had no authority to issue the policy. But, if he believed it to be valid, and burned the house with the belief that he could obtain the insurance money, then he was as guilty, under the statute, as though it was, in all respects, legal and binding. That he may have been mistaken, did not render him less criminal, as the gist of the crime is the burning the house, with the intention of defrauding the company.

We perceive no error in the record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*