## PATRICK W. GAHAN

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. INDICTMENT—*return into open court.* Where the record showed that the grand jury, of a certain term, came into open court and presented indictments; after which entry, came the title of two cases and the offense charged in each; and succeeding this, an order of continuance in some suit, and then followed the title of another criminal case, with a minute of the offense charged: *Held,* that it sufficiently appeared, from the record, that the indictment in the latter case was returned into open court.

2. CRIMINAL LAW—*idem sonans.* In an indictment for an assault with a deadly weapon, the name of the assaulted person was spelled, " Mary Danner," and on the trial, she testified that it was spelled " Dannaher :" *Held,* that the difference in the sound of the two names was so slight, that they must be regarded as the same name.

3. In such cases the rule is, that the incorrect spelling will be disregarded, unless the difference in sound in the two names is apparent.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

Mr. S. CORNING JUDD and Mr. WM. J. DYCKES, for the plaintiff in error.

Mr. L. W. JAMES, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Plaintiff in error was indicted in the Fulton Circuit Court, for an assault with a deadly weapon, upon the person of Mary Danner, with intent to commit a great bodily injury, when no considerable provocation existed. It is first objected, that the record fails to show the indictment was returned by the grand jury into court. There appears in the record an entry, of the August term, that the grand jury came into open court and presented indictments. Then follow the titles of two cases, and the offense charged in each. Under

the latter is an order of continuance, and immediately following, is the title with a minute of the offense in this case. We do not see but it sufficiently appears that the indictment was at that time returned into open court. All persons would so understand the entry. It may not have been made precisely in the form that other clerks would have adopted, but we think it is sufficient in substance. It would require an effort to conclude from the entry as it stands, that it fails to appear that it was filed.

But the principal ground relied upon for a reversal is a variance of the name in the indictment, from the name of the person assaulted. In the indictment, the name is spelled "Mary Danner," while on the trial, she testified that it was spelled "Dannaher." The difference in orthography is apparent, the name, as truly spelled, having the letters "ah" in addition to those contained in the name as spelled in the indictment. But notwithstanding this difference in orthography, it is not apparent, that, without care and effort, a large majority would not pronounce them alike, or so nearly so, that it would require a practiced ear to distinguish them. As most persons would pronounce the name, the "h" would be silent, and the "a" slightly and almost imperceptibly sounded. It would be so near that it would be regarded as *idem sonans*.

Owing to the difference in placing the accent in pronouncing almost any name, as great or a greater change can be made, than could be by the ordinary pronunciation of this, as differently spelled. The rule is, that unless it appears that the difference in sound in the two names is apparent, the incorrect spelling will be disregarded. In this case it is so slight that we should not feel justified in reversing for that reason.

The judgment of the court below is affirmed.

*Judgment affirmed.*