# JOHN S. YUNDT

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*record must show that indictment was properly returned into court.* Where the record certified to this court fails to show that the indictment, upon which a conviction was had, was ever presented by the grand jurors in open court, the defect is fatal, and the judgment will be reversed.

2. SAME—*copy of indictment and list of witnesses before trial, and plea.* Where the record, in a criminal case for manslaughter, failed to show that the defendant was furnished with a copy of the indictment and a list of the witnesses, and required to plead before trial: *Held,* that the proceeding was irregular.

3. SAME—*arraignment and plea.* Where the record of the trial of one charged with a felony failed to show that the defendant was arraigned or any plea filed: *Held,* that there was no issue to try, and that the party convicted in such a case could not properly be sentenced.

4. MANSLAUGHTER—*death caused by an abortion.* Where a defendant produced an abortion upon a female who was quick with child, and a fatal sickness ensued in consequence of the unlawful act, which resulted in the death of the female: *Held,* that the defendant was guilty of manslaughter.

WRIT OF ERROR to the Circuit Court of Du Page county; the Hon. SILVANUS WILCOX, Judge, presiding.

Mr. H. F. VALETTE, and Mr. JOHN VAN ARMAN, for the plaintiff in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

At the March term, 1870, of the Du Page circuit court, John S. Yundt, plaintiff in error, was indicted for the crime of manslaughter, in unlawfully causing the death of one Mary Ann Hartrunft.

It is alleged in the indictment that the deceased was "pregnant and quick with child," and the accused, by the unlawful act of producing an abortion on her person, with a sharp instrument which he used for that purpose, caused a sickness to ensue, from which she subsequently died, and so the grand jurors present that he is guilty of manslaughter, in causing her death in the manner alleged.

The cause was tried at the October term, 1872, and plaintiff in error was found guilty, and sentenced to the penitentiary for the period of three years.

Numerous causes are assigned for error on the record. The first and second in series we deem fatal to the present conviction, viz: first, that the record does not show that the indictment was presented by the grand jurors in open court, and no plea was filed; and second, that defendant was not arraigned.

The record is certified by the clerk to be complete, and his attestation imports verity. It nowhere appears, in the record sent up to this court, that the indictment was ever presented by the grand jurors in open court, as the law requires. It is

fatally defective in this regard. All that appears from the record is that the indictment was found among the files of the cause. This is insufficient. This question has been so repeatedly decided by this court that it is not now necessary to discuss it anew. The objection was held to be fatal in the following cases: *Gardner* v. *The People*, 3 Scam. 85; *Rainey* v. *The People*, 3 Gilm. 71; *Gardner* v. *The People*, 20 Ill. 430.

Again, it does not appear from the record that the prisoner was furnished with a copy of the indictment and a list of the witnesses, and required to plead, before he was placed on trial. This was irregular, and it was so held in the case of *McKinney* v. *The People*, 2 Gilm. 540.

A trial was had, when, in fact, no plea of any kind was ever filed in the cause, so far as this record discloses. On the authority of *Johnson* v. *The People*, 22 Ill. 314, this was error. It was there held that, without an issue, there could be nothing to try, and the party convicted could not be properly sentenced. This error can be corrected, and the accused may be arraigned and required to plead before he is again placed on trial.

It is assigned for error that the court erred in refusing to give the 13th instruction for plaintiff in error, which raises the question whether it is an unlawful act to produce, with the consent of the woman, an abortion, when she is not what is commonly called "quick with child."

Under the indictment in this case, we do not deem the objection well taken. The indictment is for manslaughter, and not for producing an abortion, under the common law or under the statute. The allegation is that the deceased was "pregnant and quick with child." If she was pregnant, and the accused unlawfully produced an abortion, and a sickness ensued in consequence of the unlawful act, which resulted in death, no reason is perceived why it would not constitute the crime of manslaughter.

In view of the character of the errors that appear in this record, we can not refrain from admonishing prosecuting

attorneys throughout the State that they can not be too careful to see that the essential forms required by law in the conduct of criminal trials should be observed and the record correctly made. A substantial compliance with the forms prescribed by the law can not be dispensed with. It is error to omit them, and we are compelled to reverse for the nonobservance, no matter how guilty the party charged may be.

It is more than probable that, in this case, the indictment was presented in open court; but, because the fact does not appear in the record, we are compelled to reverse the cause, without looking into the evidence to see whether the accused is guilty or not.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*