## C. B. GOODE *v.* THE STATE.

1. INFORMATION.—Defendant moved the court below to dismiss the information because the charge thereby preferred against him had been twice before the court for the same offense, and had been twice dismissed. *Held*, that the motion was correctly overruled.

2. SAME—AFFIDAVIT.—An information is not exceptionable because based upon an affidavit which had served the same purpose in respect of a previous information which had been dismissed. The insufficiency of an information would not necessarily vitiate the affidavit on which it was based.

3. PRACTICE.—Motions to set aside indictments or informations, and special pleas or exceptions thereto, are allowable only for the causes specially prescribed in Articles 483 *et seq.* of the Code of Criminal Procedure. Pasc. Dig., Art. 2950 *èt seq.*

4. MISDEMEANORS ON APPEAL.—Rulings below in misdemeanor cases will not be revised when bills of exception thereto were not duly taken and brought up in the record; nor will the charge to the jury be revised in such cases unless so excepted to, and unless additional instructions were asked and their refusal excepted to.

5. SAME.—See the opinion in this case *in extenso* respecting practice in misdemeanors at the trial below, and also on appeal.

6. ASSAULT—EVIDENCE.—The name of the party assaulted must be proved as alleged; but, if the name alleged and the name proved differ only in the spelling, the variance is not material.

7. MISNOMER AND IDEM SONANS.—"Mary Etta," alleged as the given name of the person assaulted, is *idem sonans* with "Marietta," the name as proved, and is not a misnomer or material variance.

8. NEW TRIAL.—When separation or dispersion of the jury is relied on as cause for new trial, proof thereof should be adduced in support of the motion, and, on appeal, be brought up in the record.

9. SEPARATION OF THE JURY in a misdemeanor case is not cause for a new trial unless injury resulted to the accused therefrom. The provision of the Code prohibiting such separation without permission 'and consent applies to felonies only. Pasc. Dig., Art. 3070.

APPEAL from the County Court of Franklin. Tried below before the Hon. B. S. WILLIAMS, County Judge.

The charge was aggravated assault by an adult male on a female. Verdict of conviction, and fine of $100.

*W. McLane*, *S. O. Moodie*, and *T. K. Appling*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J.  In the record before us there is no charge of the court, bill of exceptions, or assignment of errors.  The case being a misdemeanor, we might content ourselves with simply affirming the judgment, without discussing any of the questions presented in the brief of counsel.  Inasmuch, however, as similar cases are continually being submitted, we have deemed it not inappropriate to recapitulate some of the leading rules of practice which govern an appeal in misdemeanor cases.

In this case a motion was made to dismiss the information because the charge contained therein had been twice before the court for the same offense, and had twice been dismissed.  There was also a demurrer to the information because the affidavit or complaint upon which it was based was the same affidavit upon which an information had previously been based, and which latter had been dismissed by the court.

The motion may properly be termed a motion " to set aside," though called by the pleader a motion to dismiss. Our statute furnishes a rule for such a proceeding, as follows : " A motion to set aside an indictment or information shall be based upon one or more of the following causes, and no other : 1. That it appears by the records of the court that the indictment was not found by at least twelve grand jurors, or that the information was not presented after oath made as required in Article 404.  2. That some person not authorized by law was present when the grand jury were deliberating upon the accusation against the defendant, or were voting upon the same," etc.

The only special pleas which can be heard for a defendant are those named in Paschal's Digest, Article 2951.

The only exceptions to the substance of the indictment or information are those pointed out in Article 2954, and the only exceptions to the form which can be taken are those enumerated in Article 2955.

With these plain provisions before him, it is not well perceived. how a pleader is to err with regard to the character of the pleadings and defenses which may be made preliminarily to the trial, in criminal cases.

The motion to dismiss and the demurrer in the case under consideration did not technically come within the purview of any of these rules. The. court did not err in overruling them. The fact that an insufficient or invalid information had been set aside or dismissed would not necessarily set aside and render null and void a .good affidavit or complaint upon which it was based. We can see no. objection to the use of the same complaint or affidavit as a basis or ground for a new and sufficient information ; we fail.to perceive. how the rights of the defendant could in any manner be injured or prejudiced by such a course.

But, if the court had erred in its ruling, the defendant, by failing to reserve the point by a bill of exceptions, has deprived himself of the right to have the error considered and revised on appeal.

The same may be said with regard to the objections urged to the charge of the court. The rule of practice is too well settled now to admit of further doubt or controversy. It was thus laid down by our supreme court in *Mooring* v. *The State*: "In misdemeanors the defendant must except to the action of the court at the time of the trial, if he is not satisfied ; and, if not excepted to, it will not be revised by this court as regards objections complained of in this case." 42 Texas, 85.

"If he is not satisfied with the charge of the court, he

should except to the charge and ask such additional instructions as he may desire, and, when his instructions are refused, should also save a bill of exceptions to their refusal." · *Campbell* v. *The State*, decided at the present term, *ante*, p. 187 ; *Browning* v. *The State*, 1 Texas Ct. of App. 96. *Porter* v. *The State*, 1 Texas Ct. of App. 479 ; *Foster* v. *The State*, 1 Texas Ct. of App. 363.

In misdemeanors the court is not absolutely required to charge the jury at all ; he may charge them in writing when a party requests it and presents written instructions.   But, if the court does charge the jury in such case, he can charge orally only by consent of the parties.   See *Killman* v. *The State*, *ante*, p. 222 ; Pasc. Dig., Arts. 3059, 3065.

Objection to a charge because verbal comes too late when made for the first time, as in this case, in the motion for a new trial.   *Franklin* v. *The State*, *ante*, p. 8.

Again, with regard to a charge upon the reasonable doubt, the rule is that the reasonable doubt is always to be charged in felonies, whether asked or not, and whenever asked it should be given in misdemeanors.   *Treadway* v. *The State*, 1 Texas Ct. of App. 668.

The distinction, with respect to the charge or other proceeding, between misdemeanors and felonies is that in the former (misdemeanors) exceptions must be taken and errors assigned, in order to have the matter considered and revised on appeal ; whilst in the latter (felonies) the whole record will be considered with a view to ascertain whether " the court has misdirected the jury as to the law, or has committed any other material error calculated to injure the rights of the defendant," for which a new trial should have been granted.   Pasc. Dig., Art. 3137 ; *Sanders* v. *The State*, 41 Texas, 307 ; *Bishop* v. *The State*, 43 Texas, 390 ; *Jenkins* v. *The State*, 1 Texas Ct. of App. 346.

In felonies the better practice is always to save objections promptly by bills of exception at the time the supposed

error is committed; for a party who makes his objection to judicial action prejudicial to him, at the proper time, is entitled to have his objection more favorably considered than if it had been inopportunely delayed. *Bishop* v. *The State*, 43 Texas, 390.

But the main point in this case which seems to have been relied upon by counsel in his motion for a new trial, and in his brief, is that the verdict is not supported by the evidence, because it is alleged that there is a fatal variance in the name of the party as set out in the information and that proven upon the trial. Undoubtedly the name of the party assaulted must be proven as alleged. *Hardin* v. *The State*, 26 Texas, 113.

The given name of the party assaulted, as set out in the information, is written as though it were two names, thus, *Mary Etta;* whereas the proof was that the name was a single one and spelled thus, *Marietta*. The question is one of misnomer and *idem sonans*. "The law does not take notice of orthography; therefore, if a name be misspelled, no harm to the prosecution can come from this, provided the name as written in the indictment be *idem sonans*, as the books express it, with the true name. * * * The books abound in hair-breadth distinctions, but we apprehend the true rule to be that, if the names may be sounded alike, without doing violence to the power of the letters found in the variant orthography, then the variance is immaterial." 1 Bishop Cr. Proc., sec. 688; *Ward* v. *The State*, 28 Ala. 53; *Foster* v. *The State*, 1 Texas Ct. of App. 531; *Gahan* v. *The People*, 58 Ill. 160; 1 Green's Cr. Rep. 704.

"Where two names have the same derivation, or where one is an abbreviation or corruption of the other, but both are taken promiscuously and according to common use to be the same, though differing in sound, the use of one for the other is not a material misnomer." *Gordon* v. *Holliday,*

Wash. C. Ct. 285; 7 Bac. Abr., title Misnomer; *Weaver* v. *McElhenon*, 12 Mo. 89; *Wilkerson* v. *The State*, 12 Mo. 91.

If an abbreviation of a name would make no variance, we can see no reason why a combination of two given or christian names, where they produce a word or name having the same sound, should produce a fatal variance. In this case it was proven that the party who made the complaint and who was assaulted could not spell her own name.

There is no evidence in the record to substantiate the 3d ground of the motion for a new trial—that, "after the jury had been charged with the case, they were permitted by the officer to go at large among the people generally, without consent of the defendant, and without permission from the court." If such was the fact, the record should have disclosed some evidence of it, offered in support of the motion for new trial. The statute (Pasc. Dig., Art. 3070) has reference entirely to felony cases. A mere separation, in trials for misdemeanor, where no injury results, is no cause for a new trial. *Cannon* v. *The State*, 3 Texas, 32.

The judgment of the lower court is affirmed.

*Affirmed.*