MATT KELLY

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield March 31, 1890.*

1. CRIMINAL LAW—*return of indictment—entries in respect thereto.*
The record in a criminal case showed an entry of the December term,
1889, that the grand jury "came to the bar of the court" and made cer-
tain presentments, and then followed the title of the case against the
defendant. The record also showed this entry: "Be it remembered,
to-wit: On the sixth day of December, 1889, there was filed in the office
of the clerk of the circuit court of D. county, an indictment, which is in
the words and figures following:"—giving a copy thereof, which was
indorsed a true bill by the foreman of the grand jury, and also with a
list of five witnesses: *Held,* that these entries showed that the indict-
ment had been properly returned into court.

2. SAME—*arraignment—reading the indictment.* At common law a
part of the formal arraignment of a prisoner was the reading of the in-
dictment to him, which is now made unnecessary by the fact that he
is furnished with a copy of the indictment before arraignment.

3. SAME—*demanding copy of indictment, etc.—at what time—waiver.*
A prisoner, before a formal arraignment and pleading to the indict-
ment, should demand a copy of the same, and a list of the witnesses
and petit jurors, if not furnished him, and upon being refused he should
except, and present the facts of such demand and refusal and exception
to this court, by bill of exceptions. If he fails to do so, he can not be
heard to complain that the record fails to show that he was furnished
with such copy and lists.

4. SAME—*assault to commit larceny—is a felony—the statute construed.*
An assault with intent to commit larceny is by the statute made a felony,
and, as such, punishable by confinement in the penitentiary, regardless
of the fact whether the value of the goods or property attempted to be
stolen is less or more than $15.

5. The words "or other felony" in section 23, division 1, of the Crim-
inal Code, were intended to designate such other offenses besides mur-
der, rape, mayhem, robbery and larceny as amount to felonies, and
were not intended to limit the offense of assault with intent to commit
larceny, to assault with intent to commit that higher grade of larceny
which is defined to be a felony.

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. EDWARD J. SWEENEY, for the plaintiff in error:

The first error assigned,—namely, "the record fails to show that the indictment upon which plaintiff in error was tried and convicted was presented in open court,"—is fatal. *Gardner* v. *People*, 20 Ill. 430; *Yates* v. *People*, 38 id. 527; *Kelly* v. *People*, 39 id. 157; *Aylesworth* v. *People*, 65 id. 301; *Yundt* v. *People*, 65 id. 372.

As to the second error,—the record fails to show that defendant was furnished, previous to arraignment, with a copy of the indictment and a list of the jurors and witnesses,—we shall merely cite section 1, of division 13, Starr & Curtis' Statutes, page 861. This statute is mandatory, and its provisions should be strictly complied with. It is a wise enactment, and nothing less than a full compliance can meet its requirements.

This indictment might be good under section 1, division 11, of the Criminal Code, but under section 23 of division 1 a conviction can not be sustained, as under it the legislature intended to punish for an assault to commit a felony. The assault should be alleged and proved. The assault is not sufficiently alleged. Instead of stating the facts, it alleges the conclusion of the pleader.

If no intent to commit a larceny had been proved, could the defendant have been convicted of an assault? The indictment merely charges an attempt to commit a larceny.

Indictments, under section 23, division 1, of Starr & Curtis' Statutes, (p. 761,) should state the facts which constitute the assault, and thus apprise the defendant, in a specific manner, what matters of fact he may be called upon to explain or deny. *Nixon* v. *People*, 2 Scam. 267.

Especially should this particularity be required where the intent is to commit larceny, larceny having no element in com-

mon with assault. It is not sufficient to charge defendant, generally, with having committed the offense, but the facts and circumstances must be set forth. 1 Chitty on Crim. Law, 172-227.

If any fact or circumstance which is a necessary element in the offense be omitted, the omission is fatal after judgment. Archbold's Crim. Pl. 38.

The principle that in criminal prosecutions the accused shall be specifically informed of the nature of the charges against him, so as to enable him to prepare his defense, is one from which courts will not depart. 1 Wharton on Crim. Law, 303; Cowper, 672.

In the case at bar, the assault, being a necessary "ingredient" of the higher offense,—namely, of an assault with intent to commit larceny,—was necessary to be properly alleged and proved as the intent to steal, in order to bring the offense within the purview of section 23, *supra*. Under the law as laid down in *Prindeville* v. *People*, 42 Ill. 220, the matter must be properly pleaded. The petit jury, in this case, could not, even though the facts did warrant it, convict the defendant of an assault. Nor could he be legally convicted of a larceny under this indictment. *Prindeville* v. *People*, 42 Ill. 219; *People* v. *Taylor*, 3 Denio, 98; *Hare* v. *State*, 4 Ind. 241; *Dillon* v. *State*, 9 id. 408; *State* v. *Barrett*, 42 N. H. 466; *State* v. *Nicholson*, 14 La. 785; 1 Archbold's Crim. Pr. and Pl. 671.

It is good law that an assault with intent to commit a crime can not be a greater offense than the actual commission of the crime itself. An assault with intent to rape can not be punished more severely than the crime of rape, if perpetrated. Assault with intent to rob is not a greater offense than robbery. An assault with intent to commit a larceny is not a greater crime than the actual consummation of the larceny after the overt act of assault. *Collins* v. *People*, 39 Ill. 233.

Mr. GEORGE HUNT, Attorney General, and Mr. WILLIAM BOOTH, State's Attorney, for the People:

The entries upon the record show that the indictment was returned into court by the grand jury, properly indorsed. *Morton* v. *People,* 47 Ill. 468; *Gardner* v. *People,* 3 Scam. 83; *Hughes* v. *People,* 116 Ill. 330; *Gahan* v. *People,* 58 id. 160.

The record fails to show that the defendant demanded a copy of the indictment, etc. The objection comes too late in this court. *Morton* v. *People,* 47 Ill. 468; *McKinney* v. *People,* 2 Gilm. 540.

The defendant contends that grand larceny is meant by the section of the statute under which the indictment was drawn. An assault with intent to commit a larceny is a distinct offense. It matters not whether the property was actually taken or not. The value of the goods stolen or attempted to be stolen, under this section, has nothing whatever to do with the punishment. The assault, and the intent with which it is made, constitute the *gravamen* of the offense.

Under the statute, the assault, combined with the intent to steal, constitutes the felony. Neither the degree of the assault nor the extent of the intended theft determines the character of the offense. The offense is not a felony because it is an assault, nor because of the intent to steal, but is a felony because made so by the statute.

The stealing of a railroad ticket is punishable in the penitentiary, and the value of the ticket need not be alleged or proved. *McDaniels* v. *People,* 118 Ill. 301.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an indictment against the plaintiff in error in the Circuit Court of DeWitt County for an assault with intent to commit larceny. In the court below the defendant entered a plea of not guilty, but was found guilty by the jury who fixed his punishment at imprisonment for one year in the peniten-

tiary. Judgment was rendered and sentence pronounced in accordance with the verdict.

There is no bill of exceptions in the record. The chief error assigned is the overruling by the Circuit Court of the defendant's motion in arrest of judgment. The motion assigns the following reason for the arrest of the judgment: "Because the indictment herein charges the defendant with having committed a misdemeanor, and the verdict of the jury found the defendant guilty of a felony."

The indictment charges that the defendant, on the second day of December, 1889, "feloniously did make an assault upon one Mary E. Nichols with intent then and there to steal, take and carry away the goods and chattels of the said Mary E. Nichols, towit: one pocket book of the value of one dollar and divers pieces of silver coin of the value of two dollars," etc.

The defendant is claimed to be guilty of a misdemeanor only, and, therefore, not guilty of an offense punishable by imprisonment in the penitentiary, on the alleged ground that the punishment for assault under our statute is a fine, and the punishment for stealing property of the value of $15.00, or less, is a fine and confinement in the county jail or sentence to labor. But the offense, for which the defendant is indicted, is neither assault nor larceny, but "assault with an intent to commit larceny." The latter offense, by the terms of section 23 of Division I of the Criminal Code, "shall subject the offender to imprisonment in the penitentiary for a term not less than one year nor more than fourteen years."

The words of the indictment—"steal, take and carry away the goods and chattels"—describe larceny, as that crime is defined in section 167 of Division I of the criminal code. Therefore, the indictment charges the prisoner with the crime of assault with intent to commit larceny. Whether the value of the goods stolen is more than $15.00, or just $15.00, or less, in either case the crime is larceny. The only difference is, that, where the value exceeds $15.00, the punishment is im-

prisonment in the penitentiary, and where the value does not exceed $15.00, the punishment is not imprisonment in the penitentiary.

Section 23 of Division I reads as follows: "An assault with an intent to commit murder, rape, mayhem, robbery, larceny, *or other felony*, shall subject the offender to imprisonment in the penitentiary," etc. The Revised Statutes of 1845 (sec. 52, Div. 5, chap. 30) contained the same language, except that the word "confinement" was used instead of "imprisonment," and the words, "or other felony," were not used. The Revised Statutes of 1845 also provided, that in case the value of property obtained by larceny should not amount to five dollars, the punishment should be imprisonment in the county jail and fine. (Sec. 65, Div. 7, chap. 30). Manifestly under the law of this State as it existed in 1845, an assault with an intent to commit larceny was punishable by imprisonment in the penitentiary, whether the value of the property stolen was greater or less than $5.00. If the words "or other felony" had not been inserted in the Revised Statutes of 1874, it would be admitted that assault with intent to commit larceny was made punishable with imprisonment in the penitentiary, whether the value of the property stolen exceeded $15.00, or equalled, or fell below that amount.

But it is claimed that, by the addition of the words, "or other felony," in the act of 1874, the Legislature evinced the intention of limiting the offense to assault with intent to commit larceny of property exceeding in value $15.00. It is said, that the effect of the use of those words is to define the offense as an assault with an intent to commit a felony only, and that larceny of property, whose value equals or falls below $15.00, is not a felony.

The statute, however, does not speak of assault with intent to commit grand larceny, or larceny of the higher grade as fixed by the value of the goods stolen; it uses the general word, "larceny," which is broad enough to embrace all grades of that

offense. If then the word, "larceny," refers to and includes both grand larceny and petit larceny, and the words, "or other felony," as here used, were intended to describe all the previously named offenses as felonies, it would follow that petit larceny, or the larceny of goods equalling, or less than, $15.00 in value, would be designated as a felony. But this construction would be inconsistent with sections 5 and 6 of Division 2 of the same act of 1874, where a felony is defined to be "an offense punishable with death or by imprisonment in the penitentiary," and every other offense is defined to be a misdemeanor.

We, therefore, conclude that the words, "or other felony," in section 23 were intended to designate such other offenses, besides murder, rape, mayhem, robbery and larceny, as amount to felonies, and that they were not intended to limit the offense of assault with intent to commit larceny to assault with intent to commit that higher grade of larceny which is defined to be felony. The thief, who assaults a man on the street with the intention of stealing his purse, knows not what is in the purse. His intention in making the assault is to get the contents of the purse, whether such contents amount to $15.00, or less, or more. After he has knocked his victim down and rifled his pockets, the fact that the pockets happen, without his knowledge and much to his chagrin, to contain less than $15.00, is a poor argument in favor of the position, that he made the assault with intent to commit merely a misdemeanor. In justice and in morals his crime is the same, and his guilt is as great, when the result of his assault is only $3.00, as if such result had been more than $15.00.

It is also claimed that the record does not show that the indictment was returned in open court. There appears in the record an entry, of the December term, 1889, that the Grand Jury came "to the bar of the court" and made certain presentments. Then follows the title of the case of The People of the State of Illinois *v*. Matt Kelly alias Martin King. (*Gahan v. The People*, 58 Ill. 160). There is also the following entry

24—132 Ill.

upon the record: "Be it remembered towit: On the sixth day of December, A. D. 1889, there was filed in the office of the clerk of the Circuit Court of DeWitt County, Illinois, an indictment, which is in the words and figures following towit: State of Illinois, DeWitt County, *ss:* Of the December Term of the DeWitt Circuit Court in the year of our Lord one thousand eight hundred and eighty nine, the Grand Jurors, chosen, selected and sworn in and for the county of DeWitt, State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present, that Matt Kelly alias Martin King, late of the County of DeWitt and State of Illinois, on the second day of December in the year of our Lord one thousand eight hundred and eighty nine, at and in the county aforesaid, feloniously did make an assault," etc. Then follow the words already quoted from the indictment, which describe the offense charged. After the words so quoted the indictment closes as follows: "the kind of said coins being to the said jurors unknown; contrary to the form of the Statute in such case made and provided and against the peace and dignity of the said People of the State of Illinois.

WILLIAM BOOTH,
State's Attorney in and for said County of DeWitt."

Then follows the statement that the indictment was endorsed as follows: "The People of the State of Illinois *v.* Matt Kelly. Indictment. A true bill. Eliakim Sylvester, Foreman of Grand Jury. .Witnesses": (naming five persons).

These recitals bring the case within the rule upon this subject as laid down in *Morton* v. *The People,* 47 Ill. 468, where the entries upon the record were the same as they are here, and where such entries were held to be evidence that the indictment had been returned into open court. (*Gardner* v. *The People,* 3 Scam. 83; *Hughes* v. *The People,* 116 Ill. 330).

It is also assigned as error that the record fails to show that the prisoner was furnished with a copy of the indictment, or list of witnesses, or list of petit jurors, or either of them. That

the accused should be furnished with such copy and lists is required by section 1 of Division 13 of our criminal code. That section, as it now stands in the statute, is the same as was section 180 of chapter 30 of the Revised Statutes of 1845. In construing said section 180, we said in *McKinney* v. *The People,* 2 Gilm. 540 : "When a prisoner or defendant in an indictment is called to plead, he may, under this provision of the statute, demand a copy of the indictment, etc., before he can be compelled to plead, and if the court should refuse this request, upon preserving the fact, it would undoubtedly be error." Such course was not pursued by the plaintiff in error in the present case.

On the contrary the record here shows, that the prisoner came in his own proper person and by his attorney, "and waives formal arraignment by the court, and for plea says he is not guilty in manner and form as charged in the indictment." At common law a part of the formal arraignment of a prisoner was the reading of the indictment to him, which is now made unnecessary by the fact that he is furnished with a copy of the indictment before arraignment. (*Fitzpatrick* v. *The People,* 98 Ill. 259).

The point here made is not that the copy and lists required to be furnished by the statute were not so furnished, but that the record brought to this court does not on its face show that they were so furnished. We think that, before waiving formal arraignment and pleading to the indictment, the prisoner should have demanded the copy and lists and, upon being refused, should have excepted and presented the facts of such demand, refusal and exception to this court by a bill of exceptions. Not having done so, he cannot be heard to complain now. (*Loper* v. *State,* 3 How. (Miss.) 429 ; *State* v. *Hernandez,* 4 La. Ann. 379 ; *State* v. *Cook,* 20 id. 145 ; *State* v. *Fuller,* 14 id. 667)

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*