## Charles E. Jockisch et al. v. Alvin Hardtke, Administrator, etc.

1. LIMITATIONS—*The Statute to be Specially Pleaded.*—The statute of limitations must be specially pleaded in order to be interposed as a defense; by failing to do so the bar of the statute is waived.

2. VARIANCE—*Idem Sonans.*—There is no material variance between the name Alwin and Alvin. In many languages and dialects the letter

Jockisch v. Hardtke.

$W$ has the sound of $V$, and the doctrine of *idem sonans* is clearly applicable.

3. PAYMENTS—*Undertaker's Bill—Voluntary Payments.*—The voluntary payment of an undertaker's bill for burying a person, without the request of the deceased in his lifetime, or of his administrator, creates no legal liability against his estate.

4. SET-OFF—*Evidence of, Under the General Issue.*—A person having a set-off to a plaintiff's claim, if he desires to avail himself of it, must plead it as a set-off, or give notice under the general issue.

5. EVIDENCE—*Plaintiff an Administrator—Competency.*—A defendant in a suit brought by an administrator, upon a promissory note, is not a competent witness to show the amount of payments made by him to the deceased in his lifetime, on account of the note sued on.

**Memorandum.**—Assumpsit upon a promissory note. Plea of the general issue. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, A. D. 1893, and affirmed. Opinion filed May 11, 1893.

The opinion states the case.

RUNYAN & RUNYAN, attorneys for appellants.

PINCKNEY & TATGE, attorneys for appellee.

OPINION OF THE COURT, SHEPARD, J.

The appellee, as administrator of the estate of one Schultz, deceased, brought suit against appellants as makers thereof, upon a promissory note for the sum of $900, and annual interest at the rate of six per cent, payable to the order of said Schultz two years after the date thereof and dated May 1, 1880. The suit was begun June 14, 1892, more than ten years after the note had matured by its terms, and upon trial before the court, a jury being waived, judgment was rendered against appellants, for the sum of $981.25.

It is contended, first, that action on the note was barred by the statute of limitations. The only plea interposed by the appellants was of the general issue. The statute of limitations should have been specially pleaded in order to . be interposed as a defense. By failing to set up the bar as a defense the appellants waived it. Johnson v. United States, 3 McLean, 89; Gebhart v. Adams, 23 Ill. 397; Bruce v. Doolittle, 81 Ill. 103.

Even though this were not so, a complete answer to the contention is found in the fact that appellants in their attempt to show that the notes sued on had been paid, proved payments thereon, which were sufficient to take the note out of the statute.

The next contention is that there is a fatal variance between the name Alwin Hardtke, by which appellee brought suit, and that of Alvin Hardtke, by which name letters of administration upon the estate of Schultz were issued to the appellee. Such a variance will not prevail.

In many languages and dialects the letter "w" has the sound of "v," and *vice versa*, and the doctrine of *idem sonans* is clearly applicable. O'Brien v. Krochinski, (No. 4694 this term); Lyon v. Kain, 36 Ill. 362; Chiniquy v. Catholic Bishop, 47 Ill. 533; Gahan v. People, 58 Ill. 160; McDonald v. People, 47 Ill. 533; Bardell v. Pickwick, reported by the late Charles Dickens.

The third contention is, that payments were proved, that were not allowed. The evidence as to payments was of a kind that does not warrant us in interfering with the finding of the court below in that regard. There was proof of many payments having been made to the deceased on occasions continuing nearly up to the time of his death, but the amount paid at any one time, or in the aggregate, is too indefinite for us to say that the court erred in finding that they did not exceed the interest that accrued on the note during the twelve years that it was outstanding.

The court rightly struck out the evidence concerning the payment by appellants of the undertaker's bill. There was no evidence showing that it was paid at the request of either the administrator or the deceased. So far as appears it was a voluntary payment for which appellants have no legal claim against the estate of Schultz. If they had a valid claim for it, they should have presented it to the Probate Court, where the estate was being settled, or, if sought to be availed of in this suit they should have pleaded a set-off, or given notice thereof under the general issue. Rev. Stat., Chap. 110, Sec. 29.

I. C. R. R. Co. v. Wheeler.

The court properly refused to allow the appellants to testify as to the exact sums paid by them to Schultz on account of the note. They were incompetent witnesses under the statute.

The judgment of the Superior Court will be affirmed.