(No. 24109.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY TERRY *et al.* Plaintiffs in Error.

*Opinion filed June 16, 1937.*

R. E. SMITH, for plaintiffs in error.

OTTO KERNER, Attorney General, CHARLES W. CREIGHTON, State's Attorney, and A. B. DENNIS, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Harry Terry, George Carter and Elmer Auten were indicted for murder in the circuit court of Wayne county. They pleaded guilty and each was sentenced to the penitentiary for the term of his natural life. They have prosecuted a writ of error from this court to review their conviction.

Three grounds are urged for reversal; (1) the court erred in not appointing counsel to represent them before

any steps affecting their rights were taken, (2) they were
not properly arraigned, and (3) the record fails to show
that the indictment was returned into open court by the
grand jury.

The common law record as presented by defendants
omitted any showing as to the return of the indictment, but
a complete record supplied by the People, by leave of this
court, shows the impaneling of the grand jury and the
return of the indictment in this cause into open court. It
is difficult to understand why such a matter could escape
notice or be urged by counsel for plaintiffs in error.

The record shows that on the day of the return of the
bench warrants, each of the defendants, in open court, filed
a written waiver of the right of trial by jury. Each of
them was presented with a copy of the indictment, a list
of the jurors and witnesses, waived arraignment and en-
tered a plea of guilty. They were advised by the court of
the effect, nature and consequences of their pleas and
persisted therein. The court then appointed two members
of the bar to represent them. The defendants retired with
their counsel and afterwards returned into court. They
again presented their pleas of guilty and the jury waivers
were re-filed, the evidence heard and the pleas of guilty
accepted by the court. Thereupon the court found them
guilty of murder as charged in the indictment and imposed
sentence.

In support of their claim that they were not properly
arraigned, defendants cite *Yundt* v. *People,* 65 Ill. 372, and
*People* v. *Kennedy,* 303 id. 423. Convictions in those cases
were reversed because the record failed to show any plea.
We held that, without a plea there was no issue, and
nothing for the jury to pass upon. We have held the
same way in the following cases: *Johnson* v. *People,* 22
Ill. 314; *Parkinson* v. *People,* 135 id. 401; *Hoskins* v. *Peo-
ple,* 84 id. 87. None of the cases cited has any bearing
upon the sufficiency of an arraignment.

522

Under ancient practice, the prisoner, when called to the bar of the court, was required to hold up his hand as owning himself to be of the name by which he was called. The indictment was read to him in the English tongue that he might understand the charge; after which it was demanded of him whether he be guilty or not guilty of the crime whereof he stood indicted. This court has repeatedly held that the ancient formality attending the arraignment of a prisoner is disused in our practice. The statutory requirement of furnishing the prisoner a copy of the indictment is a better means of information to him of the character of the charge than reading it to him, and replaces the old custom. (*Fitzpatrick* v. *People,* 98 Ill. 259; *People* v. *Kennedy, supra; Kelly* v. *People,* 132 Ill. 363.) The formalities once attendant upon the arraignment of a prisoner are not now required, and it is sufficient if that which is done amounts, in substance, to an arraignment. *Parkinson* v. *People, supra.*

The office of an arraignment is to give the accused an opportunity to know the nature of the charge against him and to answer whether he is guilty or not guilty. The defendants here were informed of the nature of the charge against them by copies of the indictment furnished them. After conference with counsel appointed for them, they answered the charge. All the purposes of the ancient formal arraignment were fulfilled. That was sufficient. (*People* v. *Evenow,* 355 Ill. 451; *People* v. *Darr,* 255 id. 456.) It is claimed that no waiver of arraignment is permissible in a capital case, but we are not required to pass upon that contention. We hold that what was done amounted to an arraignment. The fact that defendants also entered pleas of guilty and attempted to waive arraignment before counsel was appointed for them, does not detract from the effect of their subsequent pleas. Due process of law does not require the People to adopt any particular technical form of procedure, so long as it appears that the accused has had

sufficient notice of the accusation and an adequate opportunity to defend himself. *Garland* v. *State of Washington,* 232 U. S. 642, 58 L. ed. 772.

Section 2 of division 13 of the Criminal Code provides that, if any person charged with crime shall state upon oath that he is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense, and in all cases counsel shall have access to persons confined and the right to see and consult them in private. While the statute does not specify the particular stage of the proceedings when counsel shall be appointed, it is obvious that it should be done before a plea of guilty or a jury waiver is accepted, or the cause called for trial, and before anything is done that might prejudice the defendant in his defense. While the record indicates that defendants here were furnished with a copy of the indictment, a list of the witnesses and jurors, and admonished as to the effect and consequences of a plea of guilty, and that they filed jury waivers and entered pleas of guilty before counsel were appointed, nevertheless, it also appears that the waivers and pleas were not acted upon by the court until after counsel were appointed, and conferred with the defendants in private. We are not to be understood as approving the taking of any material step toward the trial of an accused before the appointment of counsel under the statute, but no substantial right of the defendants was violated in this case. By again presenting their pleas after a private conference with their counsel they insisted upon them. The court performed its duty in admonishing them of the effect and consequences of such pleas at the earliest stage of the proceedings, and no reason is apparent why it should again perform that duty when the pleas were presented the second time.

It is argued that counsel had but a short time to interview defendants. No application for further time was

made to the trial court and the complaint cannot be urged for the first time in this court.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*