## THE PEOPLE *v.* MURRAY.

An indictment for burglary, charging an intent to steal certain goods, must specify the value of the goods intended to be stolen ; as burglary, under our statute, can only be committed with intent to commit a *felony.*

APPEAL from the Court of Sessions of the County of El Dorado.

Indictment, trial, and conviction, for burglary. The indictment charges the defendant with feloniously and burglariously breaking and entering, in the night-time, the dwelling-house of one George S. Vaughn, with intent the goods of the said Vaughn in the said dwelling-house then and there being, feloniously and burglariously to steal, take, and carry away, without specifying the value of the goods intended to be stolen. The indictment then continues in the same count to charge the prisoner with stealing certain specified articles in the house, of the value of forty dollars. The counsel for the prisoner moved in arrest of judgment, upon the ground that the offence of burglary was not charged in the indictment, which motion was overruled by the Court, and the defendant appealed.

*Hale & Hume* for Appellant.

*The Attorney-General* for the People.

BURNETT, J., after stating the facts, delivered the opinion of the Court—FIELD, J., concurring.

Burglary, at common law, is the breaking and entering the dwelling-house of another, in the night, with intent to commit some felony within the same, whether the felonious intent be executed or not. Wharton's Crim. Law, 511.

The fifty-eighth section of our statute concerning crimes and punishments, (Wood's Digest, 336,) says : " with intent to commit murder, robbery, rape, mayhem, larceny, or other felony." And felony is defined to be " a public offence, punishable with death, or by imprisonment in a state-prison." Wood's Dig., 270. Grand larceny consists in stealing the personal goods of another,

of the value of fifty dollars, or more, and is punishable by imprisonment in the state-prison ; and is, therefore, a felony, while petit larceny is not a felony.   Wood's Dig., 337.

It is clear, from the fact that all the offences specified in the fifty-eighth section, can be nothing but felonies, (except the crime of larceny,) and from the further fact that the expression *" or other felony"* is used immediately after *"* larceny," that the Legislature intended that the intent to commit a *felony* must exist in the mind of the prisoner to make the offence complete. To charge a party, therefore, with breaking and entering a dwelling-house, with intent to steal the personal goods of another within the house, without specifying the value of the goods intended to be stolen, is not sufficient.   The language of the Legislature is too clear, under the well-known rules of construction applicable to criminal. statutes, to admit of doubt.   It is true, that under the construction we are compelled to give the statute, the breaking and entering a dwelling-house with intent to commit petit larceny, may be no .statutory offence.   But this is an omission which must be provided for by the Legislature.

The indictment in this case is badly drawn.   If we were permitted to make a suggestion to district-attorneys, we would recommend them to draw up, at their leisure, a form of indictment, under each section of the statute; so that when they are called upon to draw indictments during the sitting of the Court, they would have a correct precedent already prepared, and which it would be easy to follow.   These precedents they would find very useful to them and to their successors in office.

The judgment of the Court below is reversed, and the cause remanded for further proceedings.