Hall vs. The State.

HALL vs. THE STATE.

*March 11 — March 30, 1880.*

*Criminal law and pleading.*

In charging an offense under sec. 4410, R. S., where it is alleged that the intent of the breaking and entry was to commit a *larceny*, it is not necessary to allege the *value* of the goods which the accused intended to steal.

ERROR to the Municipal Court of *Milwaukee* County.

*Hall*, having been convicted upon a criminal information under sec. 4410, R. S., took a writ of error to reverse the judgment.

*Henry L. Buxton*, for the plaintiff in error, cited *Ford v. State*, 3 Pin., 449; *People v. Murray*, 8 Cal., 519; *Carpenter v. Nixon*, 5 Hill, 260; *Shay v. People*, 22 N. Y., 317.

*The Attorney General*, for the state, contended that there was no need to allege the kind or value of the goods intended to be stolen. 2 Bishop's Crim. Pro., sec. 142; *Hunter v. State*, 29 Ind., 80; *Larned v. Commonwealth*, 12 Met., 240; *Comm. v. Williams*, 2 Cush., 582; *Bell v. State*, 20 Wis., 600; *Portwood v. State*, 29 Tex., 47. Larceny, grand or petit, is a felony at the common law. 3 Chitty Cr. Law, 924; 4 Black. Com., 95. When used in our statutes, the term ."felony" is to be construed as meaning an offense for which the offender, on conviction, shall be liable by law to be punished by imprisonment in a state prison. R. S., sec. 4637. The same definition is found in the revision of 1849. This provision defines statute felonies, but does not interfere with those existing at common law untouched by the statute, of which petit larceny is one. *Ward v. The People*, 30 Hill, 395, cited approvingly in *Wilson v. State*, 1 Wis., 163.

LYON, J. The only question in this case is, whether an information for an offense under section 4410, R. S., p. 1046,

is sufficient, the charge therein being that the accused broke and entered a certain dwelling-house in the day-time with intent feloniously to steal, take and carry away therefrom the goods and chattels of the owner. Counsel for plaintiff in error contends that petit larceny is not a felony under the statute definition of a felony (R. S., 1088, sec. 4637), and that the use of the term "or *other* felony," in section 4410, plainly implies that only such larcenies are intended as are felonies, that is, punishable by imprisonment in the state prison. Hence, the learned counsel ingeniously argues that the information should allege the value of the goods which the accused intended to steal, so that it may appear whether he intended to commit a felony, and that the information is bad if it fails to charge an intent to commit an offense punishable by imprisonment in the state prison.

We are unable to give the statute the construction contended for. The statute must be read as though, instead of the words "or other felony," it had been written "or any other offense for which the offender, on conviction, shall be liable, by law, to be punished by imprisonment in the state prison." *Nichols v. The State*, 35 Wis., 308. We think the term "or other felony" is not a limitation on what precedes, but is inserted to extend the scope of the section to other offenses not specifically named therein. Thus, an intent to commit arson or mayhem, or to inflict upon some person great bodily harm, and doubtless other offenses, are brought within the section by the use of that term. The intent which the statute makes essential to constitute an offense under it, is, generally, an intent to commit the crime of larceny, and the stealing of one dollar is larceny as completely as is the stealing of $1,000. Besides, in most cases, where the accused has failed, for any cause, to accomplish his purpose, it would be impossible to prove the extent of the larceny which he intended to commit when he broke and entered the dwelling-house. We do not believe it possible that the legislature ever intended to throw any such

burden upon the state in the prosecution of offenses under this statute. If it did, larceny should be excepted from the statute; for as a rule no convictions could be had in such cases, however guilty the accused might be, unless his intention was consummated. Our construction of the statute is fully sustained by the authorities referred to by the attorney general. The only case we have seen to the contrary is that of *People v. Murray*, 8 Cal., 519, the doctrine of which we are unable to sanction.

We do not find it necessary to determine whether petit larceny remains a felony as at common law or otherwise. The view we take of the statute under which the information was preferred, renders that question immaterial.

*By the Court.*—The judgment of the municipal court is affirmed.