## STATE v. HOWS et al.

No. 1777. Decided October 20, 1906 (87 Pac. 163).

1. BURGLARY—INFORMATION—SUFFICIENCY. —Under Revised Statutes 1898, section 4334, as amended by Sess. Laws 1905, p. 16, c. 19, making it burglary for any person to break and enter a building with intent to commit a larceny or any other felony, an information charging the breaking and entering a building at night with intent to steal goods, without stating their value, sufficiently charges a burglary in the first degree, as larceny within such section includes both a misdemeanor and a felony, and the words "or any other felony" are equivalent to "or any felony other than that embraced within the larceny."

2. CRIMINAL LAW—JEOPARDY.—Where a jury was impaneled and sworn to try accused and the cause was dismissed after the evidence was all introduced, he was thereby placed in jeopardy, and cannot be tried again for the crime charged in the information, or any offense included therein.

APPEAL from District Court, Utah County; J. E. Booth, Judge.

Clyde Hows and William Watson were acquitted of a charge of burglary, and the state appeals.

REVERSED.

*D. D. Houtz,* District Attorney, for the state.

McCARTY, C. J.

This is an appeal by the state from a judgment rendered by the Fourth Judicial district court of Utah county. It ap-

pears from the record that an information was filed in said court charging the defendants jointly with the crime of burglary in the first degree. The information, in substance, charged that the defendants, on the 30th day of March, 1906, at the county of Utah, unlawfully, feloniously, during the nighttime of said day, did break and enter into a certain building (describing it), then and there being the property of A. B. Adams, with intent the goods and chattels of said A. B. Adams therein being unlawfully, willfully and feloniously to steal, take, and carry away. The defendants were duly arraigned on the information, and pleaded not guilty. They demanded separate trials, which was granted, and the case against Watson was set for trial for May 21, 1906. The case came on regularly for trial on said date, and, after the evidence was all in, the court refused to submit the case to the jury, and, over the district attorney's objection, discharged the jury sworn to try the case, and dismissed the action. The regularity of the proceedings was not challenged, nor was there any question raised respecting the sufficiency of the evidence. The only question presented by the appeal involves the construction of the statute under which the action was prosecuted.

Section 4334, Revised Statutes 1898, so far as material in this case, provides that:

"Every person who, in the nighttime, forcibly breaks and enters, or without force enters through any open door, window, or other aperture, any house, room, apartment ·. . . with intent to commit larceny or any felony, is guilty of burglary."

In 1905 the Legislature amended the sections of the statute defining burglary and housebreaking (Sess. Laws 1905, p. 16, c. 19), and, under the law as amended, we have burglary in the first and second degrees instead of burglary and housebreaking. Before amended, section 4334 made it burglary for a person to break and enter, etc., "with intent to commit larceny or any felony." As amended, the section reads "with intent to commit larceny or any other felony." The only difference in the language of section 4334 as it

formerly stood and as it is now amended is the word "other." The trial court held, under the law defining burglary as it exists since the amendment, that the intent in burglary in the first degree must be to commit a felony. And, as the information in this case does not charge an intent to steal goods of the value of $50 or more, it fails to charge a public offense. This was error. The statute uses the general term "larceny," which includes both a misdemeanor and a felony. It implies felony in larceny without limiting or restricting in anywise the general scope of the term "larceny." The words "or any other felony," as used in this statute, are equivalent to the words "or any felony other than that embraced within the larceny." We think, also, the statute may be read and construed as though instead of the words "to commit larceny or any other felony," it contained the words, "to commit petit larceny, grand larceny or any other felony," or, as was said in *Hall v. State,* 48 Wis. 688, 4 N. W. 1068, a case exactly in point,

"The statute must be read as though instead of the words 'or other felony' it had been written 'or any other offense for which the offender on conviction shall be liable by law to be punished by imprisonment in the state prison.' "

Continuing, the court says:

"We think the term 'or other felony' is not a limitation on what precedes, but is inserted to extend the scope of the section to other offenses not specifically named therein."

In this connection it might be well to observe that evidently the intention and purpose of the Legislature, in amending the law defining burglary and housebreaking, was to overcome the embarrassment which so often arises in prosecutions for burglary where it becomes a doubtful question whether the crime was committed in the night or in the daytime. We think this conclusion is borne out by the concluding part of section 4336, as amended (Sess. Laws 1905, p. 16, c. 39), which provides that:

"Where, in a prosecution for burglary in the first degree, the question as to whether the crime has been committed in the nighttime or in the daytime cannot be definitely arrived at by the jury, a verdict of guilty of burglary in the second degree may be found: provided, the other elements of the crime of burglary in the second degree have been proved."

It is a matter of common knowledge that practically all offenses against the law of burglary are committed with intent to steal, and, in nearly all cases, except when the defendant is caught with the goods, the extent of the larceny which he intended to commit cannot be proved. Therefore, if the state should be required to prove a specific intent to commit grand larceny on the part of the offender when the charge is burglary in the first degree with intent to steal, it would be, in the majority of cases, impossible to procure convictions, however guilty the accused might be. We do not believe the Legislature intended to put upon the state this burden and thereby, in effect, grant immunity from punishment to all criminals who may be charged with burglary in the first degree with intent to steal, for, as we have pointed out, it would be next to impossible for the state to prove a specific intent to commit grand larceny, and, under the holding of the trial court, unless such intent is alleged and proved no conviction can be had.

The views herein expressed are supported by the following authorities, in which statutes similar to the one under consideration are construed: *Hall v. State,* supra; *People v. Stapleton,* 2 Idaho 50, 3 Pac. 6; *Pooler v. State,* 97 Wis. 627, 73 N. W. 336; *Kelly v. People,* 132 Ill. 363, 24 N. E. 56.

A jury having been impaneled and sworn to try the case, the defendant was thereby placed in jeopardy, and cannot again be tried for the crime charged in the information, or for any offense included therein. This appeal was taken and the case is decided for the sole purpose of determining the question of law involved.

Judgment reversed.

STRAUP and FRICK, JJ., concur.