MARY WINEGAR *v*. ESTATE OF WALLACE AUBIN.

(94 A2d 240)

November Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed January 6, 1953.

*John H. Webster* for the petitioner.

*Leary & Leddy* for the petitionee.

CLEARY, J. This case is here on exceptions from an order of the probate court for the district of Grand Isle dismissing a petition to recommit the commissioners' report in the estate of Wallace Aubin.

V. S. 47, § 2907 provides that the commissioners' report shall contain a list of the claims presented or exhibited in set-off, how much was allowed and disallowed, with the final balance whether in favor of the creditor or the estate. The report here was made on the regular printed form furnished by our probate courts. It contains separate columns headed Name of Creditors, Nature of Claim, Sum Allowed, Sum Disallowed, Nature of Offset, Sum in offset Allowed, Sum in offset Disallowed, Balance due to Estate, Balance due from Estate, Remarks. Only the first four columns have anything written in them. They show the names of all the creditors who presented claims, the nature of the claims, the sums allowed, and, as to the petitioner's claim alone, the sum disallowed.

■ In her brief the petitioner says the commissioner failed to file a report as required by the provisions of V. S. 47, § 2907, in that the report failed to contain a list of the claims presented or exhibited in set-off, and how much was allowed and disallowed, with the final balance whether in favor of the creditor or the estate, to which the plaintiff duly excepted. The record fails to show such an exception and so the question is not for consideration here. *Abel's Inc.* v. *Newton,* 116 Vt 272, 275, 74 A2d 481; *State* v. *Lindsay,* 110 Vt 120, 123, 2 A2d 201; *Stoddard & Son* v. *Village of North Troy,* 102 Vt 462, 470, 150 A 148.

In her brief the petitioner says the commissioners' report was wholly irregular and void and there was nothing before the probate court for it to allow to provide for the final disposition either of claims for or against the estate. She cites only two cases and neither of them supports her position. *Thorp* v. *Thorp's Estate,* 75 Vt 34, 38, 52 A 1051, says balance is that found upon adjusting counter demands. In the case of *Estate of Rushford,* 111 Vt 494, 501, 18 A2d 175, 178, the claim consisted of two items, one of which remained pending before the court at the time the commissioners filed an interlocutory report. Referring to that report the Court said: "This report could not contain figures showing the final balance due as contemplated by the provisions of P. L. 2840" (now V. S. 47, § 2907).

In the present case there were no counter demands, no claims exhibited in set-off. The commissioners allowed the petitioner's claim in the sum of $100 and disallowed it in the sum of $587. So the final balance in favor of the petitioner is contained in the report and she has no cause to complain.

Recommittal of a commissioners' report is discretionary with the probate court. *Hodges, Exr.* v. *Thacher,* 23 Vt 455, 462, et seq; *Adarene* v. *Marlow's Estate,* 33 Vt 558, 560; *Riley* v. *McInlear's Estate,* 61 Vt 254, 261, 17 A 729, 19 A 996. We must presume that it was exercised here since the law required it. *Travers & Thomas* v. *Rupe,* 116 Vt 314, 315, 75 A2d 692. Since no abuse of discretion appears this Court cannot interfere. *Richardson* v. *Persons,* 116 Vt 413, 417, 77 A2d 842.

*Order dismissing the petition affirmed; to be certified back to probate court.*