# State of Vermont v. Donald Demag

[108 A2d 390]

May Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary and Adams, JJ., and Sylvester, Supr. J.**

Opinion Filed October 5, 1954.

*Joseph S. Wool* for the respondent.

*F. Elliott Barber, Jr.*, Attorney General, *Lewis E. Springer, Jr.*, State's Attorney and *Frederick M. Reed* (Of Counsel) for the State.

274

**Cleary, J.** This case is here on exceptions of the respondent following his trial by jury in the Windsor county court where he was convicted of murder in the first degree. The victim was Elizabeth Weatherup. A companion case, previously tried, is *State* v. *Blair*, 118 Vt 81, 99 A2d 677.

■ The respondent excepted to the exclusion by the trial court of a certified copy of the transcript of a proceeding which occurred while the case of *State* v. *Donald Demag* was being considered at the March 1948 term of the Chittenden county court. At that time the respondent had been indicted for the first degree murder of one Francis Racicot and, on arraignment, pleaded guilty to murder in the second degree. The matter being considered was whether the court should accept that plea. Both the attorney general and counsel for the respondent reviewed the respondent's history at considerable length and requested the court to accept the plea. At the trial of the case now being considered the respondent offered the entire transcript of this former proceeding and, when asked by the court the purpose of the offer, stated that the offer was made on the ground that the transcript was a judicial admission against the State and might constitute the basis of a verdict in the case then being tried. The offer was of the entire transcript and included statements of his own counsel in his behalf. Much of it was hearsay and self serving. The inclusion of this inadmissable matter rendered the exclusion of the whole offer proper. *Ravine House Co.* v. *Bradstreet*, 102 Vt 370, 375, 148 A 481; *Turgeon* v. *Baker*, 105 Vt 61, 63, 163 A 588. The exception is of no avail.

■ At the close of the State's case in chief the respondent moved for a directed verdict because the State had failed to prove that the respondent had broken and entered the Weatherup home with the intent to commit felonious larceny. He waived his exception by proceeding with his case after the denial of his motion. *Croteau* v. *Allbee*, 117 Vt 332, 334, 91 A2d 803; *Frederick* v. *Gay's Express*, 111 Vt 411, 413, 17 A2d 248; *Parrow* v. *Proulx*, 111 Vt 274, 281, 15 A2d 835. *Gregoire* v. *Willett*, 110 Vt 459, 461. At the close of all the evidence the respondent made another motion for a directed verdict on three

separate grounds. He now briefs his first motion made at the close of the State's case in chief and also briefs the failure of the court to charge that the State, in order to prove that the respondent had committed burglary, had to prove that the respondent broke and entered the dwelling house with the intent to commit felonious larceny. But the record does not show that the respondent renewed his first motion for a verdict or included the ground of failure to prove intent to commit felonious larceny in his final motion for a directed verdict, or requested the court to charge on that subject or excepted to the failure of the court to so charge.

■ The trial court cannot be put in error on a point not made below. *Campbell* v. *Howard National Bank*, 118 Vt 182, 188, 103 A2d 96; *State* v. *Hilliker*, 117 Vt 569, 571, 97 A2d 119; *Winegar* v. *Estate of Aubin*, 117 Vt 440, 441, 94 A2d 240; *Croteau* v. *Allbee*, 117 Vt 332, 335, 91 A2d 803; *Bonneau* v. *Russell*, 117 Vt 134, 136, 85 A2d 569; *Morrill* v. *Boardman*, 117 Vt 103, 108, 86 A2d 146; *State* v. *Lindsay*, 110 Vt 120, 123, 2 A2d 201.

■■ Moreover, the claim has no merit even if the question had been properly saved below. It has long been settled law in this State that proof of a breaking and entering with intent to commit any larceny is sufficient to convict a respondent of burglary. *State* v. *Keyser*, 56 Vt 622, 623-624, *State* v. *Hodgdon*, 89 Vt 148, 151, 94 A2d 301. The respondent admits that we would have to overrule these cases in order to sustain his position. We refuse to do so. It is a matter of common knowledge that nearly all offenses against the law of burglary are committed with intent to steal; and, in nearly all cases, except when the defendant is caught with the goods, the extent of the larceny which he intended to commit cannot be proved. Therefore, if the State should be required to prove a specific intent to commit grand larceny it would be, in most cases, impossible to procure convictions, however guilty the accused might be. We think the term "or other felony", as used in V. S. 47, §8300 which lists offenses constituting burglary is not a limitation on what precedes, but is inserted to extend the scope of the section to other offenses not specifically named therein. See *State* v. *Hows*, 31 Utah 168, 87 P 163; *Hall* v. *State*, 48 Wis, 688, 4 NW 1068.

The respondent excepted to the failure of the court to charge in accordance with the respondent's request that "All persons charged with crime and brought to trial are presumed by law to be innocent until proved guilty, and the law presumes this respondent to be innocent until the contrary shall have been established." The respondent does not dispute but a-grees, in accordance with *Tyrrell* v. *Prudential Insurance Co.*, 109 Vt 6, 192 A 184, 115 ALR 392, that in this State the presumption of innocence is not evidence. His contention is that in a criminal case the trial court is required to charge the jury that the respondent is presumed to be innocent until the contrary is established, that is, until the State has proved him guilty beyond a reasonable doubt.

There is great conflict on this point in decisions of various courts both state and federal but it is unnecessary to go outside of the cases arising in Vermont. The respondent cites *State* v. *McDonnell*, 32 Vt 491, 538; *State* v. *Patterson*, 45 Vt 308, 314; *State* v. *Costa*, 78 Vt 198, 204, 62 A 38; and *State* v. *Shaw*, 89 Vt 121, 131, 94 A 434, LRA 1915F, 1087. These decisions were all previous to the Tyrrell case where our present rule was adopted that the presumption of innocence, of itself alone, contributes no evidence and has no probative value. In that case at 109 Vt 25 our court said, "Anything and everything in our cases to the contrary of the rule herein adopted as to presumptions is hereafter to be disregarded."

■ *State* v. *Lizotte*, 109 Vt 378, 387-388, 197 A 396 is squarely and exactly in point. There the court refused to instruct the jury, in accordance with requests almost identical with the request here. The decision repeats the rule adopted in the Tyrrell case. The Lizotte case then holds that the function of a presumption is the same in a criminal as in a civil case and, since the presumption has no probative value, it is not for consideration by the jury and is not an appropriate subject upon which to charge the jury. *State* v. *Demars*, 118 Vt 175, 177-178, 102 A2d 845. Therefore the trial court was not required to charge the jury on the presumption of innocence. The instruction, which was fully given in this instance, that unless the respondent's guilt was proved beyond a reasonable doubt he was entitled to an acquittal, carried with it the neces-

sary implication that he must be assumed to be innocent until this was done. *State* v. *Lizotte*, 109 Vt 378, 388, 197 A 396.

■ The respondent claims that the right to a charge on the presumption of innocence is protected from infringement by State action under the fourteenth amendment of the federal constitution. In *Howard* v. *North Carolina*, 191 US 126, 24 S. Ct 49, 48 L ed 121, the same claim was made but was decided adversely to the respondent. So the exception is of no avail.

The respondent claims that the failure to charge the jury on the presumption of innocence was aggravated by other errors in the charge. Specifically the respondent says that it was error for the trial judge to charge: [a] "The law does not require that each particular incriminating fact which may aid the jury in determining that the accused is guilty shall be proved beyond a reasonable doubt. The doubt which will justify an acquittal is not a doubt of any particular fact constituting the sum of the prisoner's guilt, but a doubt, upon all the evidence, that he is guilty." [b] that by twice using the word "the" when referring to burglary the trial judge assumed that a burglary had been committed.

■ The record does not show any exception to these alleged errors in the charge and the respondent claims none in his brief. It is the established rule of this Court that it will not, even in criminal cases, consider questions not raised in the court below. *State* v. *Monte*, 90 Vt 566, 568, 99A 264; *State* v. *Williams*, 94 Vt 423, 443, 111 A 701; *State* v. *Stacy*, 104 Vt 379, 410, 160 A 257, 747.

The respondent excepted to the failure to charge that "If the evidence upon any essential point admits even a reasonable doubt, the respondent is entitled to it." In support of this exception the respondent cites and quotes *State* v. *Meyer*, 58 Vt 457, 462, 3 A 195, 198. In that case the respondent excepted to the court's refusal to charge as requested that the respondent should be acquitted if the jury believed that the evidence, upon any essential point, admitted "of the slightest doubt consistent with reason." The court modified the last phrase of the request and charged "of any reasonable doubt, a doubt consistent

with reason" and the decision holds that charge was all the respondent was entitled to.

▮▮ Here the court carefully and correctly charged the jury regarding reasonable doubt. It charged that the jury must be satisfied that all the essential elements of homicide were established beyond a reasonable doubt in order to convict. It then charged the essential elements of each degree of homicide. It also charged the essential elements which the State must prove in order to justify a verdict of guilty; also that the State must establish beyond a reasonable doubt either that the respondent did the killing or participated in the killing, or participated in a burglary resulting in the killing and that the respondent was legally sane at the time. The charge must not be construed piecemeal but as a whole. *State* v. *Orlandi*, 106 Vt 165, 176, 170 A 908; *State* v. *Blair*, 118 Vt 81, 97, 99 A2d 677. It substantially complied with the respondent's request so the exception is of no avail. *State* v. *Rivers*, 84 Vt 154, 156, 78 A 786; *State* v. *Warm*, 92 Vt 447, 449, 105 A 244, 2 ALR 811; *State* v. *Tubbs*, 101 Vt 5, 23, 139 A 769; *State* v. *Marini*, 106 Vt 126, 145, 170 A 110; *State* v. *Lizotte*, 109 Vt 378, 386, 197 A 396.

*Judgment that there is no error and that the respondent takes nothing by his exceptions. Let sentence pass and execution be done.*