# In re Robert S. Reuschel

[376 A.2d 746]

No. 272-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed June 7, 1977

*James L. Morse*, Defender General, and *Charles S. Martin*, Appellate Defender, Montpelier, for Petitioner.

*Francis X. Murray*, Chittenden County State's Attorney, and *Susan R. Harritt*, Deputy State's Attorney, Burlington, for Respondent.

**Hill, J.** Petitioner is presently a prisoner of the State of Vermont, incarcerated at the Federal Penitentiary in Lewisburg, Pennsylvania. His imprisonment arises from a sentence of life imprisonment imposed by the Chittenden Superior Court after a verdict of guilty to first-degree murder was returned by jury in that court on January 27, 1971. On mandatory appeal, the jury's verdict and the court's sentence were affirmed. *State* v. *Reuschel*, 131 Vt. 554, 312 A.2d 739 (1973).

Pursuant to 13 V.S.A. § 7131, the petitioner filed a petition for post-conviction relief in Chittenden Superior Court. That petition, by order dated August 23, 1976, was dismissed by the court on the ground that the points raised had been determined by the Vermont Supreme Court in *State* v. *Reuschel, supra,* and a reconsideration was precluded by the doctrine of res judicata.

The petitioner, under 13 V.S.A. § 7135, has filed a notice of appeal from the dismissal of his petition. The petitioner has raised two questions for our consideration in this appeal.

The first question concerns the propriety of the trial court's exercise of judicial discretion in refusing to accept the petitioner's plea of guilty. Petitioner alleges that the trial judge abused his discretion by allowing its exercise to be influenced by the opinions of petitioner's court-appointed

guardian ad litem. Petitioner claims that this issue is not barred by considerations of res judicata since this court never, in 131 Vt. 554, directly dealt with the "ramifications" of the trial court's expressed reason for rejecting the guilty plea. However, the opinion stated:

> Here, the tendered plea was to a lesser offense than the one charged and the court had the absolute right in its discretion to reject it. On the facts and circumstances of this case, it is apparent the court decided that it was neither satisfied nor justified in accepting the respondent's tendered plea. The record demonstrates a solid basis for the court exercising its discretion in the manner it did. There is no error.

*State* v. *Reuschel, supra,* 131 Vt. at 562. That issue, then, has been dealt with, and we will not reconsider it in this appeal.

The second issue relates to the effect of the appointment of guardians ad litem for minor defendants in criminal cases. The petitioner contends that the mandatory appointment by the court of a guardian ad litem denied him due process of law and equal protection under the law because such practice prevented him, on the basis of age alone, from choosing that route of defense which he felt to be most advantageous. Petitioner's argument, however, falls short of establishing any defects of constitutional import.

In the instant case, it has already been determined by this Court that the trial court's rejection of the petitioner's guilty plea was a proper exercise of judicial discretion unrelated in any significant sense to the petitioner's status as a minor. The trial court has discretion to accept or reject a plea regardless of the age of the respondent. *Id.*

The petitioner has not shown how the appointment of a guardian ad litem has, in any other regard, injured his exercise of a constitutional guarantee. The petitioner's appeal must be denied.

*The order of the Chittenden Superior Court dismissing the petitioner's petition for post-conviction relief is affirmed.*