### In re Kirk F. Wool

[403 A.2d 266]

No. 272-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 5, 1979

344

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, and *David W. Curtis,* Acting Appellate Defender, Montpelier, for Petitioner.

*Mark J. Keller,* Chittenden County State's Attorney, Burlington, for Respondent.

**Per Curiam.** This is an appeal from an order denying post-conviction relief. The petitioner, a minor two months short of his eighteenth birthday, entered pleas of guilty in the District Court of Vermont, Unit No. 2, Chittenden Circuit, to three counts of breaking and entering in the nighttime and one count of assault and battery. He applied to the Chittenden Superior Court for post-conviction relief, 13 V.S.A. §§ 7131–7137, claiming that these pleas should be set aside because his guardian *ad litem* was mentally incompetent and ignorant of the consequences involved in pleading guilty. He also asserts for the first time on appeal that his guardian failed to render effective, independent advice. We affirm the superior court's denial of relief.

We agree with petitioner that the right to a guardian *ad litem* implies a guardian competent to perform the task. See *In re Dobson,* 125 Vt. 165, 212 A.2d 620 (1965).

But the superior court, focusing on petitioner's burden to establish his claim by a preponderance of the evidence, see *In re Fuller*, 135 Vt. 575, 580, 381 A.2d 1056, 1059–60 (1977), made detailed findings not clearly erroneous that the guardian was not incompetent or ignorant of the consequences involved in pleading guilty. In addition, the record reflects that the district court, through a series of thoughtfully developed questions, discharged its responsibility to assure itself, before accepting the pleas, that they were offered voluntarily, after proper advice, and with full understanding of the consequences. *In re Raymond*, 137 Vt. 171, 400 A.2d 1004 (1979). Furthermore, even assuming that this guardian failed in some fashion to effectively discharge her duties, the petitioner has failed to demonstrate that he was prejudiced thereby. Only last term we indicated (and the superior court recognized) that "the real issue is whether the defendant voluntarily and intelligently pleaded guilty to the charges. If so, he is bound by his plea." *Id.* at 180, 400 A.2d at 1009. The superior court found that the defendant voluntarily and intelligently entered these pleas with full knowledge of the consequences, and the defendant does not challenge the finding. It therefore must stand.

As to the petitioner's claim that his guardian *ad litem* failed to render effective and independent advice, it is the established rule of this Court that it will not consider questions not raised in the court below. See *State* v. *Kasper*, 137 Vt. 184, 190, 404 A.2d 85, 89 (1979) (quoting *State* v. *Demag*, 118 Vt. 273, 277, 108 A.2d 390, 393 (1954)).

*Affirmed.*