### In re Robert Reuschel
[446 A.2d 343]
No. 40-81
Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Daley, J.
(Ret.), Specially Assigned
Opinion Filed April 6, 1982

*Norman R. Blais,* Burlington, for Petitioner.

*John J. Easton, Jr.,* Attorney General, and *Susan R. Harritt* and *James R. Crucitti,* Assistant Attorneys General, Montpelier, for Defendant.

**Billings, J.** This is an appeal from a denial of a petition for post-conviction relief pursuant to 13 V.S.A. §§ 7131-7137. Petitioner challenged the competency of a guardian ad litem who refused to consent to a negotiated plea of second degree murder. The petitioner, after jury trial, was convicted of first degree murder, 13 V.S.A. § 2301, and the mandatory life sentence was imposed, 13 V.S.A. § 2303(a). Petitioner is presently incarcerated in a federal penitentiary as a Vermont prisoner. On the mandatory appeal after the original conviction, the jury verdict and conviction were upheld, and in addition, this Court determined that the trial court exercised proper discretion in rejecting the proffered plea to second degree murder from the minor petitioner. *State* v. *Reuschel,* 131 Vt. 554, 562, 312 A.2d 739, 744 (1973). Subsequently the petitioner filed a petition for post-conviction relief claiming that the appointment of guardians ad litem for minor defendants denied the minor due process and equal protection rights. On appeal to this Court, the trial court's dismissal of the petition for post-conviction relief was affirmed on the ground that the trial court had the discretion to accept or reject a guilty plea regardless of the age of the petitioner. *In re Reuschel,* 135 Vt. 348, 349, 376 A.2d 746, 748 (1977).

In this second petition for post-conviction relief petitioner challenges the competency of the guardian ad litem to effectively advise petitioner at the time of the hearing. The trial court dismissed the petition because the petitioner failed to

sustain his burden of proof that the guardian ad litem was incompetent at the time of trial.

 A minor entitled to a guardian ad litem has the right to have a guardian competent to perform the task. *In re Wool*, 137 Vt. 343, 344, 403 A.2d 266, 266 (1979). But, even assuming, arguendo, that this guardian ad litem failed in some fashion to effectively discharge her duties, the petitioner has not demonstrated any prejudice. *Id.* at 345, 403 A.2d at 267. The trial court has the discretion to reject a proffered plea regardless of the age of the defendant. *In re Reuschel, supra*, 135 Vt. at 349, 376 A.2d at 748.

 In *State v. Reuschel, supra,* 131 Vt. at 560–62, 312 A.2d at 743–44, we held that the trial court properly rejected the plea because of a lack of voluntariness on the part of the petitioner himself. Upon direct questioning of the petitioner by the court he responded that he did not know whether he had committed the murder but thought that maybe he had and this was why he wanted to plead to a lower charge. *Id.* at 561, 312 A.2d at 743. Thus, even if a competent guardian had assented to the plea, it still would have been proper for the trial court to have rejected it. As we said in *State v. Reuschel:*

> When doubts arise in the mind of the court, as they did here, regarding the voluntariness of the plea by the respondent and his guardian *ad litem* its only course of action was in favor of the jury trial, the whole purpose of which is to protect the rights of the respondent.

*Id.* at 562, 312 A.2d at 744. The petitioner had the full benefit and protections of a trial by jury to determine his guilt or innocence and, if guilty, the degree of homicide.

*Affirmed.*

**Underwood, J.,** concurring. I agree with the result reached by the majority. Though the dismissal of petitioner's petition for post-conviction relief should be upheld, I would have done so on different grounds.

This is petitioner's second attempt to seek the same or similar relief by the vehicle of post-conviction review of his original conviction of murder in the first degree. His first peti-

tion was denied. His second petition is a thinly disguised rehash of the first. "The court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 13 V.S.A. § 7134.

Dismissal of the second petition is also justified under our holding in *Garceau* v. *State*, 126 Vt. 516, 519–20, 236 A.2d 661, 664 (1967).