In Re: Darren Couture, No. S0457-04 CnC  (Norton, J., Dec. 14, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                      SUPERIOR COURT
Chittenden County, ss.:                              Docket No. S0457-04 CnC

IN RE DARREN COUTURE

ENTRY

The State of Vermont seeks to dismiss petitioner's claim for post-conviction relief based on 13 V.S.A. § 7134. This statute permits a court to dismiss a second or successive motion for similar post-conviction relief. In re Mayer, 131 Vt. 248, 250–51 (1973). This includes petitions for relief based on grounds that were not raised in prior petitions deliberately or without adequate excuse. State v. Provencher, 128 Vt. 586, 591 (1970) (Holden, C.J., concurring). This is petitioner's third petition for relief. He seeks to overturn his conviction for first-degree murder based on misinformation given to the judge at sentencing. Petitioner argues that a Department of Corrections report for his pre-sentencing hearing incorrectly calculated that his minimum sentence minus good time credits would work out to 17 years actually served and that it has now been recalculated to

come out to 22 years.

For the purpose of the present motion, petitioner alleges that his first two petitions for post-conviction relief were the same and addressed claims of ineffective assistance of counsel and defects in his plea colloquy. He argues that this makes his present claim non-repetitive. Yet, petitioner's claim is not new either. The facts of this case were determined shortly after sentencing when petitioner learned that his true minimum sentence varied with Correction's pre-sentencing report. Petitioner argues in his brief and affidavit that he would have raised this issue in his first petition but for the fact that his counsel never told him nor was he aware that it could be grounds for a collateral attack.

Section 7134 applies only to "those factual or legal contentions actually adjudicated or questions which the applicant knew of, but deliberately, or without adequate excuse, failed to raise either in the proceeding which led to his conviction or in prior post-conviction proceedings . . ." Provencher, 128 Vt. at 591–92; see also In re Reuschel, 141 Vt. 200, 202–03 (1982) (Underwood, J., concurring) (dismissing petitioner's claims as "thinly disguised rehash" of prior petition). Under this standard, petitioner's sole excuse for failing to raise his present claim in either of his two prior petitions is that he did not know that he could. This statement taken at face value may eliminate deliberate failure, but it does not provide an adequate excuse. Ignorance of the law is no defense. State v. Dann, 167 Vt. 119, 133 (1997); see also In re Lund, 2004 VT 55, at ¶ 5 (ignorance of the law rarely, if ever, constitutes excusable neglect). Notwithstanding his ignorance of its usefulness, petitioner and his counsel were aware of the facts underlying this claim at the time of the first petition. Mere ignorance or poor counsel is not an adequate excuse, and therefore petitioner's third motion for relief can and should be dismissed as a successive under § 7134.

By this conclusion, the court does not mean to imply that this is a mechanical application of § 7134 or that every petitioner every time must raise all of her claims on her first petition or face certain issue preclusion. Rather, the court understands § 7134 to work within the larger context of post-conviction review. As the Vermont Supreme Court recently ruled on the importance of counsel in post-conviction relief, it also re-emphasized the role of § 7134 as a limit on post-conviction relief. "The Legislature has attempted to strike a balance between giving prisoners all the tools they need to mount a final attack on their convictions and to make sure that they were arrived at fairly, while keeping the court and its officers free from absolutely groundless cases." In re Gould, 2004 VT 46, at ¶ 24. Post-conviction relief is a right that courts must take seriously. They must permit petitioners to file their justifiable grievances and take a hard look into the merits of their claims. Yet, post-conviction relief is not an endless merry-go-round where petitioner's can submit a theory after theory for relief. Certainly such a system would undermine the gravity of post-conviction claims as courts are less likely to take a third, fourth, or even sixth petition for relief as serious as they would the first.

While issue preclusion is not applied to post-conviction relief, § 7134 acts in a similar fashion. This statute must have some strength to end successive petitions. Just as a criminal defendant cannot revisit her conviction after trial with a new defense that she learned about from the prison law clerk—no matter how good it is—petitioner cannot re-file merely because his current legal theory is new to him. This can be leavened in some cases by the permissive nature of § 7134, whose language suggests there is room in the analysis for flexibility. This would be particularly important where successive petitions raise substantial due process claims for the first time. Cf. In re Raymond, 137 Vt. 171, 175 (1979) (noting that § 7134 was applicable but moving to the merits since

parties had briefed the issue and it involved a question of petitioner's 6th amendment rights).  In this case, petitioner's claim does not suggest such a lack of due process but merely a mistake that his sentencing judge may or may not have relied upon in issuing the sentence.[1]

Finally, this application of § 7134 to petitioner's claim parallels federal habeas corpus law.  Such law is analogous and has been held to be substantially the same to § 7134.  Provencher, 128 Vt. at 590–91 (Holden, C.J., concurring) (citing to 28 U.S.C. § 2255 (current version at 28 U.S.C. § 2244(b)); Sanders v. United States, 373 U.S. 1 (1963)).  Federal habeas law has been interpreted through Sanders and its successor McCleskey to have "the same standard used to determine whether to excuse state procedural defaults should govern the determination of inexcusable neglect in the abuse-of-the-writ context." McCleskey v. Zant, 499 U.S. 467, 490 (1991).  This reflects a balance by the Court to create a "unity of structure and purpose in the jurisprudence of state procedural defaults and abuse of the writ." Id. at 493.  It means that federal courts look to objective factors that constitute cause and prejudice when analyzing a petitioner's excuse for not raising an issue in an earlier habeas petition.  The factors include: "'interference by officials' 'that makes compliance with the State's procedural rule impracticable, and 'a showing that the factual or legal basis for a claim was not reasonably available to counsel.'  In addition, constitutionally '[i]neffective assistance of counsel . . . is cause.'" Id. at 494

---

[1] Petitioner's claim fails to allege any reliance by the sentencing judge on this mistake.  There is no evidence that Correction's calculations had any effect on the judge, who in his discretion gave petitioner a sentence of 30 years to life.  While a determination on this fact is not material to the present decision, it does raise a serious flaw in petitioner's claim that might, on its own, be fatal to the petition.

(citations omitted). Presuming a petitioner satisfies one of these factors, she must then show prejudice. Id.

While this test is more involved than the Vermont Supreme Court's jurisprudence on § 7134, it effectuates the same principles. By requiring petitioner to met objective standards for excuse, the federal rules limit re-filing to those claims that were excluded for some articulable, legitimate reason. As well, the federal rules go an additional step with the requirement of prejudice to limit successive claims to only those that involve serious procedural and constitutional defects. Under this scheme, petitioner's claim would likewise fail since he has not articulated a valid objective basis, nor shown how his claim prejudiced his sentencing. More importantly, the federal standards echo the inherent concern that successive motions be limited to claims not made because of adequate excuses and that raise substantial claims of due process or constitutionality. They also reflect the principle that petitioners, the state, and the court should be able to recognize a finality to collateral attacks on a petitioner's conviction and sentencing.

Based on the foregoing, the State of Vermont's motion to dismiss is granted. Petition is dismissed.

Dated at Burlington, Vermont_____, 2004.

_____
Judge