# IN THE COURT OF APPEALS OF IOWA

No. 18-0302
Filed December 19, 2018

IN RE THE MARRIAGE OF ANGELA SUE TETER
AND CLARENCE WAYNE TETER

Upon the Petition of
ANGELA SUE TETER,
Petitioner-Appellee,

And Concerning
CLARENCE WAYNE TETER,
Respondent-Appellant.

_____

Appeal from the Iowa District Court for Boone County, Steven J. Oeth,

Judge.

Clarence Teter appeals the district court decision denying his motion to

modify spousal support. **REVERSED IN PART AND REMANDED.**

Jennie L. Wilson-Moore of Wilson Law Firm, Conrad, for appellant.

Chelsey N. Handley-Tomlinson and Larry J. Handley of Handley Law Firm,

P.C., Ankeny, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Clarence Teter appeals the district court's ruling on his petition for modification of spousal support. We find the spousal support award is traditional, not reimbursement, and can be modified. We reverse the district court order as to the spousal support provision and remand for further proceedings.

## I.    Background Facts & Proceedings

Clarence and Angela Teter were married in 1993 and have five children. On December 31, 2012, the court entered a decree dissolving the marriage. During the marriage, Clarence was the primary financial support for the family. Angela was primary caregiver for their children and earned substantially less than Clarence when she worked outside the home. The dissolution decree ordered Clarence to pay Angela $600 per month in spousal support to terminate upon Angela's remarriage, the death of either party, or upon Clarence's sixty-seventh birthday.

On May 13, 2017, Clarence filed a petition to modify spousal support due to an injury lowering his income and Angela's long engagement and financial support from her fiancé. Angela has been engaged for four years and owns a house with her fiancé but states she has no interest in remarrying. The court concluded the spousal support award was "reimbursement alimony" and so could not be modified. Clarence appeals.

## II.    Standard of Review

Our review in this equitable action is de novo. Iowa R. App. P. 6.907. We give weight to the factual findings of the district court, especially when considering the credibility of witnesses, but are not bound by those findings. Iowa R. App.

P. 6.904(3)(g). "Precedent is of little value as our determination must depend on the facts of the particular case." *In re Marriage of Fennelly*, 737 N.W.2d 97, 100 (Iowa 2007).

### III.    Spousal Support

Clarence claims the court wrongly classified the spousal support award as "reimbursement alimony"; he argues it should be considered rehabilitative because Angela was capable of becoming self-sufficient.

In the original dissolution hearing, Angela acknowledged her earning potential would increase if she obtained her certified nursing assistant certification. She also stated she would be able to work full time by 2018. The court ordered $600 per month in spousal support in an effort to equalize the parties' incomes in light of their adjusted monthly incomes, child support, and projected expenses. The court did not specifically classify the spousal support award as traditional, reimbursement, or rehabilitative at that time. The court ruled the spousal support obligation would end at the earliest of several events: Angela remarrying, Clarence's sixty-seventh birthday, Angela's death, or Clarence's death. The court noted as a relevant factor Angela's liquidation of her retirement funds to pay living expenses for herself and their children.

Iowa law recognizes three kinds of spousal support: traditional, rehabilitative, and reimbursement. *In re Marriage of Gust*, 858 N.W.2d 402, 408 (Iowa 2015). Traditional or permanent spousal support "is to provide the receiving spouse with support comparable to what he or she would receive if the marriage continued," and it "is ordinarily unlimited in duration except upon the remarriage of the payee spouse, or death of either party. There can, however, be exceptions to

the general rule." *Id.* at 408, 415 (citations omitted). This type of support is often awarded to a spouse who abandons their career to stay home with the family while the other concentrates on their career. *See, e.g.*, *In re Marriage of Becker*, 756 N.W.2d 822, 827 (Iowa 2008).

Rehabilitative spousal support provides support for the economically-dependent spouse through a limited period of education or retraining. *In re Marriage of Francis*, 442 N.W.2d 59, 63 (Iowa 1989).

Reimbursement spousal support "is predicated upon economic sacrifices made by one spouse during the marriage that directly enhance the future earning capacity of the other" and is not generally subject to modification or termination prior to full compensation or death. *Id.* at 64. In particular, reimbursement spousal support "is designed to give the 'supporting' spouse a stake in the 'student' spouse's future earning capacity, in exchange for recognizable contributions to the source of that income." *Id.* at 63.

In the modification action, the court stated the dissolution court "did not classify the alimony award as either reimbursement or rehabilitative." The court did not consider whether it was a traditional, or permanent, spousal support award. The court then concluded the spousal support was "reimbursement alimony" and could not be modified. The court further noted it would not change the award even if it could because "Angela needs the income. . . . Angela deserves the alimony."

The dissolution decree specifically mentions Angela "requested permanent spousal support." The spousal support award appears reflective of the respective earning capacities of the parties and their division of marital labor rather than an attempt to provide Angela a stake in Clarence's future unrealized earnings. This

was not a divorce following on the heels of Clarence completing an advanced degree or other contribution by Angela resulting in greatly increased future earnings for Clarence. Additionally, the provision terminating the spousal support on remarriage or Clarence's sixty-seventh birthday reflects traditional spousal support rather than reimbursement. *See Francis*, 442 N.W.2d at 64.

We find the dissolution court considered the spousal support award as "traditional" or "permanent" spousal support and therefore the court can modify the amount of spousal support upon the showing of a substantial change in circumstances. *See* Iowa Code § 598.21C (2017); *In re Marriage of Michael*, 839 N.W.2d 630, 635–36 (Iowa 2013).

The court also ruled it would not modify the spousal support award even if it could but did not make any factual or legal findings whether Angela's cohabitation was so economically akin to remarriage to warrant modification or trigger the decree's remarriage provision terminating the award. *See In re Marriage of Ales*, 592 N.W.2d 698, 702–03 (Iowa Ct. App. 1999) (holding cohabitation effects on spousal support awards are evaluated consistent with the effects of remarriage). Given the decree provided the spousal support would end on Angela's remarriage, the effects of her cohabitation merited the court's analysis.

We reverse the district court's order regarding spousal support and remand for the district court to consider whether a substantial change in circumstances exists to support a modification.

## IV. Appellate Attorney Fees

Angela requests attorney fees for this appeal. "An award of attorney's fees is not a matter or right but rests within the discretion of the court." *In re Marriage*

*of Benson*, 545 N.W.2d 252, 258 (Iowa 1996). We consider the needs of the party seeking appellate attorney fees, the ability of the other party to pay, and the relative merits of the appeal. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). After considering the relevant circumstances, we decline to award Angela appellate attorney fees in this case.

**REVERSED IN PART AND REMANDED.**