# IN THE COURT OF APPEALS OF IOWA

No. 23-0544
Filed May 10, 2023

**IN THE INTEREST OF E.S. and E.S.,**
**Minor Children,**

**Z.S., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Adair County, Monty Franklin, District

Associate Judge.

A father appeals the termination of his parental rights to his children.

**AFFIRMED.**

Kaitlyn C. DiMaria of DiMaria Law, PLLC, Grimes, for appellant father.

Brenna Bird, Attorney General, and Ed Bull, Assistant Attorney General, for

appellee State.

Meggen L. Weeks of Meggen L. Weeks, P.L.C., Afton, attorney and

guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Ahlers and Badding, JJ.

**BADDING, Judge.**

A father appeals the termination of his parental rights to two children—born in 2016 and 2020. His rights to both children were terminated under Iowa Code section 232.116(1)(d) (2022), to the older child under section 232.116(1)(f), and to the younger child under section 232.116(1)(h).[1] On appeal, the father raises one issue: "The [j]uvenile [c]ourt erred in terminating the father's rights pursuant to [section] 232.116(1)(d) and (f) as it was not in the children's best interests to do so." Under this issue heading, the father argues the evidence "suggests that the children are bonded to [him], and that termination of his parental rights is not in the best interests of these children." Buried further in the father's argument, he also challenges the court's conclusions of law under section 232.116(1)(d), though the statutory grounds for termination were not separately raised as an issue.

Starting with the last claim first, we find the father waived any challenge to the statutory grounds for termination because he did not properly present that issue by identifying it under a separate issue heading. *See* Iowa Rs. App.

---

[1] In the decretal portion of the termination order for the younger child, who was two years old at the time of the termination hearing, the court stated the father's rights were terminated "upon the grounds set forth in Iowa Code section 232.116(1)(d) and (f)." We believe this was a typographical error because paragraph (f) applies to children who are four years of age or older; the petition to terminate the father's rights to the younger child sought termination under paragraph (h), which applies to children who are three years of age or younger; and the court's findings of fact and conclusions of law accurately stated the younger child was two years old and found clear and convincing evidence existed to terminate the father's parental rights under paragraph (h). *See In re A.A.*, No. 21-1972, 2022 WL 946503, at *3 (Iowa Ct. App. Mar. 30, 2022) ("The erroneous reference to paragraph (f), a presumed typographical error, therefore 'has no legal significance.'" (citation omitted)); *see also In re H.C.*, No. 16-1961, 2017 WL 512798, at *2 (Iowa Ct. App. Feb. 8, 2017) ("[W]e decline to place form over substance and waste judicial resources on what was clearly a clerical error.").

P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); .1401–Form 5 (requiring separate issue headings and other requirements for each issue raised). In any event, because the father only mentioned section 232.116(1)(d), we elect to affirm on the unchallenged grounds. *See In re L.J.*, No. 21-0507, 2021 WL 4891064, at *1 (Iowa Ct. App. Oct. 20, 2021) ("The father only challenges the evidence supporting the first two grounds. Accordingly, we may affirm on the unchallenged ground."); *see also In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

As for the father's properly identified issue, we conclude upon our de novo review of the record that termination of his parental rights was in the children's best interests and no permissive exception applies. *See P.L.*, 778 N.W.2d at 40 (discussing these two steps in the termination analysis); *see also* Iowa Code § 232.116(2), (3). Though the father conflates these two steps, we address them separately. *See P.L.*, 778 N.W.2d at 40–41.

The father generally contends "that it is in the children's best interests to continue to maintain his parental relationship with them." But they were removed from his care after a child protective assessment found that he sexually abused the children's older half-sibling. *See In re A.K.*, No. 19-0406, 2019 WL 5424964, at *2 (Iowa Ct. App. Oct. 23, 2019) (finding termination of father's parental rights in children's best interests where father sexually abused their sister). The father was charged with eight felonies, which were still pending at the time of the termination hearing. While he completed mental-health and psychosexual evaluations, he did not follow through with the recommended intensive treatment and continued to deny the abuse occurred. *See In re C.H.*, 652 N.W.2d 144, 151

(Iowa 2002) (finding that because the father "fail[ed] to complete any form of treatment, we cannot conclude [he] has fixed his problems and is now fit as a parent"); *In re H.R.K.*, 433 N.W.2d 46, 50 (Iowa Ct. App. 1998) (noting "the requirement that the parents acknowledge and recognize the abuse before any meaningful change can occur is essential in meeting the child's needs").  The father's visits with the children did go well, as he argues on appeal.  Yet he did not attend all that were offered, and he never progressed beyond fully supervised visits.  *See In re M.C.*, No. 18-0875, 2018 WL 6418760, at *4 (Iowa Ct. App. Dec. 5, 2018) (finding parents' failure to progress beyond fully supervised visits supported a finding that termination was in the children's best interests).  For these reasons, we agree with the juvenile court that termination of the father's parental rights was in these children's best interests.  *See* Iowa Code § 232.116(2) (giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child" in determining whether termination is in the child's best interests).

As for the father's contention that the children are "closely bonded to him," *see id.* § 232.116(3)(c), he presented no evidence at the termination hearing that the children would suffer physically, mentally, or emotionally if his rights were terminated.  *See In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018) (recognizing the parent bears the burden of establishing a permissive exception to termination). We accordingly find this exception to termination does not apply and affirm the termination of the father's parental rights.

**AFFIRMED.**